Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered August 3, 2011, convicting him of assault in the third degree and menacing in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the trial court erred in denying, without a hearing, his motion to set aside the verdict due to improper juror conduct (see CPL 330.30 [2]) is without merit. The Supreme Court properly determined that even if the allegations were true, the alleged misconduct did not affect a *733 substantial right of the defendant (see People v Rodriguez, 100 NY2d 30, 35 [2003]; People v Irizarry, 83 NY2d 557, 561 [1994]).
The defendant’s contention that he was deprived of a fair trial by the prosecutor’s comment in summation on his prearrest silence is unpreserved for appellate review since he failed to raise that specific objection at trial (see CPL 470.05 [2]; People v Beauliere, 36 AD3d 623 [2007]; People v Materon, 276 AD2d 718 [2000]).
The defendant’s remaining contentions are without merit. Mastro, J.E, Lott, Austin and Hinds-Radix, JJ., concur.